David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*Alfonso Elenes Contreras*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ALFONSO ELENES CONTRERAS, <br><br> Plaintiff, <br><br> v. <br><br> THE RETAIL EQUATION, INC, <br><br> Defendant. | Civil Action No.: <br><br> **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit

Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Through a tightly wound set of procedural protections, the FCRA protects consumers from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Alfonso Elenes Contreras ("Plaintiff"), by Plaintiff's attorneys, brings this action against The Retail Equation, Inc ("TRE" or "Defendant") for violations of the FCRA, as set forth below.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction because this case arises out of violations of the FCRA. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

5. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendant is subject to personal jurisdiction in Clark County, Nevada; conducts business in Clark County, Nevada; and the events giving rise to this action occurred in Clark County, Nevada.

## PARTIES

6. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. TRE regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer credit reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. TRE is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## TRE Misreported Credit Information

9. On or about August 11, 2020, Plaintiff received a credit file disclosure from TRE which reported inaccurate, incorrect or misleading information regarding Plaintiff and Plaintiff's credit.

10. Specifically, TRE reported derogatory information that Plaintiff returned purchased products back to Home Depot on November 28, 2011 without a receipt, as shown below:

| Tx #: | 6610823-563-THD | Store Name: | Charleston Blvd | Tx Type: | Return | Receipt: | No |
|---|---|---|---|---|---|---|---|
| Store #: | 3303 | Store Address: | | Net Amt: | ($13.91) | | |
| Date: | 11/28/2011 1:58 PM | | 1401 S Lamb Blvd | Return Amt: | $12.87 | | |
| Result: | Approved | | Las Vegas, NV 89104 | Return Qty: | 1 | | |

| SKU | Return Reason | Receipt | Receipt Date | Original Store # | Original Tx. # | Original Reg. # | Qty. | Total |
|---|---|---|---|---|---|---|---|---|
| 764676 | Not Available | No | | | | | 1 | ($12.87) |

11. TRE's report is designed to paint Plaintiff in a negative light, making it appear Plaintiff is engaging in some sort of nefarious scheme by returning a purchased item to Home Depot without a receipt. There is no other reason to report such information.

12. The FCRA expressly prohibits reporting such adverse items of information which antedate the report by more than seven (7) years. 15 U.S.C. § 1681c(a)(5).

13. TRE's Home Depot return information antedates the report by nearly nine (9) years, making TRE's Home Depot information obsolete and TRE should have purged the Home Depot information from Plaintiff's credit report years ago.

14. Accordingly, on or about December 14, 2020, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff notified TRE, in writing, of the incorrect, inaccurate or misleading Home Depot information it was reporting.

15. Specifically, Plaintiff mailed a dispute letter, first class U.S. Mail, to TRE ("Dispute Letter"), requesting that the above inaccurate, incorrect or misleading information be removed and deleted. In pertinent part, the Dispute Letter read as follows:

> The following adverse return is more than seven (7) years old and are therefore beyond the time limit that adverse information may be reported in my consumer file. Accordingly, please delete the following "obsolete" information, which should have aged off my consumer file as required under consumer reporting obligations and law and is therefore disputed:
>
> - Home Depot in the amount of $12.87 dated 11/28/2011

16. Upon receiving Plaintiff's Dispute Letter, TRE was required to conduct an investigation into the credit disputes pursuant to 15 U.S.C. §1681i, including timely notifying Home Depot of Plaintiff's credit dispute, and then send Plaintiff a reinvestigation report, detailing the results of TRE's investigation.

17. On or about November 11, 2020, Plaintiff received a reinvestigation from TRE. However, the reinvestigation made no reference to the obsolete Home Depot account at all nor a description of what action, if any, TRE had taken with regard to the Home Depot account.

18. A reasonable investigation by TRE would have shown the disputed Home Depot return was an obsolete item and explained that it has been removed or

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

deleted from Plaintiff's credit file pursuant to the FCRA's statutory requirements.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

19. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

20. Defendant failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i(a).

21. Defendant failed to review all relevant information provided by Plaintiff in the Dispute Letter, as required by and in violation of 15 U.S.C. § 1681i(a).

22. Upon receipt of Plaintiff's dispute, Defendant failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681i(a).

23. Despite Plaintiff's continued efforts to correct Defendant's erroneous and negative reporting in writing, Defendant neglected, refused, or failed to do so.

24. Defendant's failure to correct its inaccurate and negative reporting debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

25. Also as a result of Defendant's failure to correct its inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation

fear of credit denials, out-of-pocket expenses in challenging Defendant's wrongful representations, damage to his creditworthiness, and emotional distress.

26. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

27. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

28. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

# FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

## TRIAL BY JURY

29. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 26, 2021

Respectfully submitted,

By   /s/ David Krieger, Esq.
David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052

Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

**KRIEGER LAW GROUP, LLC**
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052